

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Lon Alsup
Executive Secretary-Director
State Commission for the Blind
Land Office Building
Austin, Texas

Dear Sir:

Opinion No. 0-5921
Re: Whether Item 21a of the cur-
rent appropriation for the
State Commission for the Blind
may be expended for services
necessary to render a disabled
individual fit to engage in a
remunerative occupation.

This department has given careful consideration to your recent request for an opinion on the captioned question. As stated in your letter you have presented this inquiry in order to determine whether or not the State Commission for the Blind may certify to the Office of Vocational Rehabilitation of the Federal Security Agency that this item may be used to match Federal funds; or, in other words, is Item 21a an appropriation that may be expended for the services of the nature set forth in the Federal Vocational Rehabilitation Act of 1943? (Public Law 113 - 78th Congress.)

Under the heading, Maintenance and Miscellaneous, the 48th Legislature has provided the State Commission for the Blind the following items of appropriation:

"18. Traveling expenses ................ $6,200.00

"19. Books, stationery and printing ...    300.00

"20. Postage, telephone, telegraph,
messenger service, freight, ex-
press, drayage, ice and contin-
gent ............................  1,500.00

"21. Furniture and fixtures ...........    200.00

Honorable Lon Alsup, page 2

"21a. Standard equipment, machinery and
tools for rehabilitation purposes. $2,500.00

"22. Emergency fund for eye medical
treatment, hospitalization, glasses,
doctor's fees, laboratory fees,
artificial eyes, X-rays, etc., to
prevent blindness and conserve
vision ........................... 2,000.00"

Section 10 of this Vocational Rehabilitation Act
of 1943 defines vocational rehabilitation and rehabilitation
services as "any services necessary to render a disabled in-
dividual fit to engage in a remunerative occupation."

As stated by this department in Opinion No. 0-5666,
addressed to the State Commission for the Blind, it is our
opinion that the duties and powers bestowed upon the Commis-
sion for the Blind by Article 3207a, Vernon's Annotated Civil
Statutes, was sufficient authorization for this Commission
to perform the rehabilitation services of the nature referred
to in the Vocational Rehabilitation Act. We deem it import-
ant to point out and think it significant that Item 21a is
the only item of appropriation provided by the Legislature
which specifically mentions that it is to be used for rehabil-
itation purposes. It seems apparent that by this appropria-
tion the Legislature is in part giving the State Commission
for the Blind the means by which to carry forth the powers
and duties bestowed upon it, some of which as we have hereto-
fore stated, are to perform the services of the nature set
forth in the Vocational Rehabilitation Act.

To further substantiate our opinion that Item 21a
may be expended for rehabilitation services as defined in the
Federal Act, we refer to Section 3 (a) thereof which in stat-
ing the manner in which the Federal Government will expend
Federal funds in carrying out this program in cooperation
with the States has set forth what are some of the rehabilita-
tion services referred to in this program as:

"'(0) transportation, occupational licenses
and customary occupational tools and equipment
not mentioned elsewhere in this subsection.

"'(2) maintenance not exceeding the estimated cost of subsistence during training, including the cost of any necessary books and other training material." (Emphasis ours)

As shown by the above quotation, rehabilitation services include the furnishing of occupational tools, equipment, and other training materials, which corresponds to Item 21a of the current appropriation in authorizing the expenditure of funds for equipment, machinery and tools for rehabilitation purposes.

Having concluded that Item 21a may be expended for services necessary to render a disabled individual fit to engage in a remunerative occupation, then the question is, as presented in your letter, what type of services does this include? It will be noticed that this appropriation is for standard equipment, machinery, and tools for rehabilitation purposes and needless to say can only be expended for such items. We have not been able to find the meaning of the words "equipment" and "tools" when used in connection with "rehabilitation purposes." Under these circumstances we very naturally turn to the definitions found in the dictionaries, in determining the commonly accepted meaning of such terms as a basis for application in the instant case. Webster's International Dictionary defines the verb "equip" to mean "to furnish for service, or against a need or exigency; to fit out; to supply with whatever is necessary to efficient action in any way;" and the noun "equipment" to mean whatever is used in "equipping; . . . the collective designation for the articles comprising an outfit." A "tool" has been defined by the lexicographers as any instrument necessary to a person in the efficient prosecution of his trade or calling.

We think that the above definitions indicated that Item 21a refers to expenditure of funds for material objects to be used for rehabilitation purposes. By this we mean, that the appropriation must be used for something tangible to be used in the rehabilitation of disabled individuals. That it should not be used for compensation of personal services rendered by individuals, corporations, or institutions.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Robert O. Koch_

Robert O. Koch
Assistant

ROK:db

APPROVED
OPINION COMMITTEE